IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEITH NELSON, ) <br> ) <br> Defendant. ) <br> _____ ) | CR 07-0134 AWI <br><br> ORDER DIRECTING PETITIONER TO FILE MOTION PURSUANT TO 28 U.S.C. § 2255 AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND RELEASE |

Defendant Keith Nelson ("Nelson") was convicted by plea of guilty to one count of possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B) on November 19, 2007. Judgment was entered on January 14, 2008. Beginning on October 22, 2008, Petitioner filed a trio of motions that basically seek assistance of counsel for the purpose of preparation of a habeas corpus petition pursuant to 28 U.S.C. § 2255 and some form of home confinement or supervised release pending resolution of the habeas petition. To date no motion pursuant to section 2255 has been filed.

The central contention in Nelson's motions for assistance of counsel is that he suffers from impaired intellect. His request for bail or some form of supervised release is based on his contention that he poses no threat to society and that he as a meritorious basis for challenging his sentence. Nelson contends that his challenge to his conviction or sentence has merit because police lacked probable cause to search his home and personal computer and because police took

advantage of Nelson's impaired intellect to secure a confession.

As Nelson recognizes, there currently exists no absolute right to appoint of counsel in § 2255 proceedings.  Rather, 18 U.S.C. § 3006A(a)(2)(b) allows the appointment of counsel for a § 2255 motion where: (1) the person is financially eligible for appointment of counsel and (2) the interests of justice require the appointment of counsel.  "Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  As a practical matter, courts give consideration to petitioners' requests for appointment of counsel based on an examination of the issues presented in the habeas petition itself.

Nelson contends that he requires legal counsel to prepare his habeas petition because of his intellectual deficit.  However, Nelson's pleadings indicate he is perfectly capable of setting forth the grounds upon which he intends to request habeas relief because he has adequately done so already in his trio of motions.  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  According to this standard, district courts must first examine the petitioner's motion under section 2255 to determine if a hearing is necessary.  The outcome of this "screening" examination by the court is not determined by expert legal arguments between opposing parties; the court supplies its own legal analysis and, in point of fact, relies little on the petitioner's legal arguments.  What the court requires is a plain statement of entitlement to relief and a statement of facts, that if proven true, would entitle the petitioner to relief.

It is well understood by courts that "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." Johnson v. Avery, 393 U.S. 483, 488 (1969). Nelson admits to availing himself of such help, and it is the court's opinion, based on its review

2

of the papers submitted thus far on Nelson's behalf, that the help that is available to Nelson is quite capable of aiding Nelson in the preparation of his habeas claims to the extent necessary to present those claims to the court.  Nelson's request for assistance of counsel will therefore be denied.  Instead, Nelson will be ordered to submit a motion pursuant to section 2255 for the court's consideration using those resources currently available to him.

Nelson's request for some form of supervised release or home detention is premature. While a prisoner may be released pending appeal under certain conditions pursuant to 18 U.S.C. 3143(b), this provision does not authorize release where no appeal has been filed and where there has been no determination that an appeal or collateral attack may be maintained by the prisoner. There is currently no basis for any form of release pending appeal.

THEREFORE, in accord with the foregoing discussion, Nelson is hereby ORDERED to file a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255.  At a minimum, Nelson must file the form available for "Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody," which is available from prison authorities upon request.  Nelson may supplement the form with statements of fact or other evidence as he sees fit. Nelson may also incorporate by reference arguments he has already made in previous filings with the court.  Nelson must file and serve his motion pursuant to section 2255 before January 14, 2009.

Nelson's motion to "Stop Any Tolled Time Concerning Movant's 2255 Motion," filed on October 22, 2008, his "Motion for Appointment of Counsel," filed October 23, 2008, and his "Petition for O.R. Bail," filed on October 10, 2008, are each and all DENIED in their entirety.

IT IS SO ORDERED.

**Dated:     November 13, 2008**                    /s/ Anthony W. Ishii
                                                 CHIEF UNITED STATES DISTRICT JUDGE

3